UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:08-CR-036-B-1 |
| | § | |
| JIM WESLEY DAVIS, #30453-138, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant's pro se Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons. Doc. 76. Appointed counsel filed a Supplemental Motion to Reduce Sentence. Doc. 86. The Government opposes Defendant's motions. Doc. 87. Having considered all the relevant pleadings, record, and applicable law, Defendant's motions to reduce sentence are **DENIED**.

## I.

## BACKGROUND

In 2007, Defendant was charged with four counts of bank or credit union robbery in violation of 18 U.S.C. §2113, and three counts of use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Defendant pled guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to two firearm counts. Doc. 20. In the factual resume, however, he admitted committing all four bank/credit union robberies. Doc. 19. The Court sentenced Defendant to the agreed-to 32 years sentence – seven and 25 years respectively to be served consecutively. Doc. 45. The Fifth Circuit Court of Appeals dismissed the appeal under *Anders*. *United States v. Davis*, 333

F. App'x 866, 2009 WL 2512871 (5th Cir. 2009).  Defendant unsuccessfully sought relief under 28 U.S.C. § 2255.  *Davis v. United States*, No. 3:09-CV-2229-B, 2011 WL 121911 (N.D. Tex. Jan. 12, 2011).

In December 2018, while Defendant was serving his sentence, Congress passed the First Step Act.  See Pub. L. No. 115-391, 132 Stat. 5194.  As relevant here, Congress amended 18 U.S.C. § 924(c)(1)(C), the provision that imposes a 25-year minimum sentence for repeat firearm offenders, to eliminate stacking.  See id, § 403.  After that amendment, the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final."  18 U.S.C. § 924(c)(1)(C).  As Defendant recognizes, the provision is not retroactive.  And in 2020, the court denied his first motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).  Doc. 75.

In 2021, Defendant filed the instant § 3582(c)(1)(A) motions to reduce sentence and for compassionate release.  He claims that extraordinary and compelling reasons warrant a reduction in his sentence.  Defendant cites *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  Also, he relies on (1) the severity of his 32-year sentence, (2) the recent change in the law, (3) the length of time served, more than 12 years, which would be the maximum term of imprisonment after the First Step Act, (3)his advanced age, and (4) his ongoing medical conditions.

The Government again opposes relief.  It emphasizes that § 403 does not apply retroactively to Defendant and that his sentence-based request for relief is none other than an attempted end-run around the procedural hurdles in 28 U.S.C. § 2255.  Further, the Government argues a couple of factors militate against granting relief:  (1) the seriousness of Defendant's offenses of conviction, (2) the Defendant's criminal conduct in this case, and (3) his extensive criminal history.  Also, the

Government contends the § 3553(a) factors weigh against granting Defendant's motions.

After considering the motions and the applicable factors provided in 18 U.S.C. § 3553(a), the court finds in its discretion that the unique circumstances in this case do not justify a reduction in sentence even when coupled with the § 924(c) sentencing change.   Therefore, the motions to reduce sentence must be denied.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"  *United States v. Chambliss*, 948 F.3d 691, 692-93 & 693 n.1 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

In *United States v. Shkambi*, the Fifth Circuit Court of Appeals held that this statute gives district courts the discretion, after applying the sentencing factors, to modify and reduce sentences. 993 F.3d 388, 393 (5th Cir. 2021).  Critically, the Fifth Circuit made clear that when considering a motion for compassionate release filed by a prisoner, rather than by the BOP, the district court is not bound by the extraordinary and compelling reasons set forth in the policy statement in Application note 1.  *Id.* at 393.  Rather, "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."  *Id.*  Indeed, "motions for compassionate release are inherently discretionary" and, as the statute provides, "a district court 'may' reduce an

- 3 -

otherwise-eligible defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) (quoting § 3582(c)(1)(A)).[1]

### III.

### ANALYSIS

Here, the totalities of the circumstances do not present extraordinary and compelling reasons for a reduction of sentence even when considering the § 924(c) sentencing change. First, Defendant's stacked sentences do not appear facially unjust based on the facts in his case. Defendant was indicted for committing four bank or credit-union robberies and using firearms to intimidate employees and a bank customer to steal cash and place them in fear for their lives. *See* Presentence Report ("PSR") at ¶¶ 5-7, Doc. 47. Defendant and the Government entered into the Rule 11(c)(1)(C) plea agreement, agreeing to the 32-year sentence. Moreover, the PSR summarized Defendant's numerous prior convictions, which included two bank robberies, an aggravated robbery, an escape from a federal prison, evading arrest/detention with a motor vehicle, driving while intoxicated, driving with a suspended license, forgery by passing, and marijuana possession. *See* PSR ¶¶ 29-37.

Second, Defendant's individualized circumstances, taken as a whole, do not weigh in his favor. Defendant states that he "*was* an unusually old offender and *is* an unusually old inmate."

---

[1] The circuit courts of appeals that have addressed the issue are split on whether nonretroactive sentencing changes can be considered as one of several factors forming extraordinary and compelling circumstances qualifying for sentence reduction. *See United States v. Ruvalcaba*, 26 F.4th 14, 24 (1st Cir. 2022) (collecting cases and noting the Third, Seventh and Eighth Circuits do not permit the consideration of non-retroactive sentencing changes under § 3582(c)(1)(A), but that the First, Fourth, and Tenth do; and that divided panels of the Sixth Circuit have placed that court on both sides of the aisle).

Doc. 86 at 10. Defendant also alleges that he is obese and asthmatic and suffers from kidney disease. Doc. 86 at 15. The court is unpersuaded, however, that his age at sentencing (57) and his present age (71) are extraordinary and compelling circumstances, considering the nature of his crimes and his prior criminal history. Likewise, neither his chronic medical conditions nor the pandemic-related risks present extenuating circumstances that would suffice to show extraordinary and compelling reasons for compassionate release. Thus, relying on its own judgment, the court finds no compelling or extraordinary reasons for a sentence reduction.

Further, based on the record as a whole and after weighing the 18 U.S.C. § 3553(a) sentencing factors, the court finds in its discretion that they do not support Defendant's request for a sentence reduction. 18 U.S.C. § 3553(a). The court is obligated to consider these factors to the extent they are applicable. See 18 U.S.C. § 3582(c)(1)(A).

The nature and circumstances of Defendant's offenses, the seriousness of the offenses, and his history and characteristics do not justify a reduced sentence. Reducing Defendant's sentence will not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offenses, adequately deter criminal conduct, or protect the public from further crimes. *See United States v. Martinez*, 832 F. App'x 906 (5th Cir. 2021) (noting that it was "not unreasonable for [a] court to place greater weight on the seriousness of [the] offense, including the fact that a dangerous weapon was involved in the criminal activity"). Defendant qualified for a criminal history category of VI based on his prior criminal activities and career-offender status. PSR ¶ 41. Finally, the nature, circumstances, and gravity of his offenses, as summarized in the PSR, demonstrate that Defendant would be a danger to the community if released.

As the court reasoned at sentencing:

> [The sentence] is a significant amount of time. But based upon the bank robbery offenses in this case, which of course are some of the most serious crimes that come before the Court, as well as Mr. Davis [having] one of the more extensive criminal histories I have ever seen, which include some very, very serious crimes, including again bank robbery and escape, I do think the plea agreement . . . and the Court's acceptance of it . . . comports with the purposes of [18 U.S.C. § 3553].

Doc. 45 at 15.

In addition, even considering *Concepcion v. United States*, --- U.S. ---, 142 S. Ct. 2389 (2022), the court finds that the § 3553(a) factors do not support a sentence reduction at this time. *Concepcion*, 142 S. Ct. at 2396 ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

In sum, the court denies Defendant's request for compassionate release.

## IV.

## CONCLUSION

For all of the previously stated reasons, Defendant's motions for sentence reduction and for compassionate release under 18 U.S.C. § 3582(c)(1)(A) are **DENIED**.

**SO ORDERED.**

**SIGNED: The 2nd, day of Septgember, 2022.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**