UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:08-CR-0036-B |
| | § | |
| JIM WESLEY DAVIS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant, Jim Wesley Davis's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons (Doc. 99). For the following reasons, Davis's Motion is **DENIED**.

I.

BACKGROUND

In 2008, Davis was charged with four counts of bank/credit union robbery in violation of 18 U.S.C. § 2113, and three counts of use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Doc. 1, Indictment. Davis pleaded guilty to two firearm counts. Doc. 20, Plea. In the factual resume, however, he admitted to committing all four bank/credit union robberies. Doc. 19, Factual Resume, 1–3. The Court sentenced Davis to 32 years. Doc. 45, Transcript, 13. The Fifth Circuit dismissed his appeal. *United States v. Davis*, 333 F. App'x 866, 866 (5th Cir. 2009). In 2020, the Court denied his first motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Doc. 75, Mem. Op. & Order. The Court denied his second motion in 2022. Doc.

-1-

92, Mem. Op. & Order. In 2023, Davis filed the instant Motion to reduce sentence for compassionate release. Doc. 99, Mot. The Court considers his Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.    *Davis Has Demonstrated Proof of Exhaustion.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Davis stated in his Motion that he sent the warden a letter dated September 23, 2023, requesting compassionate release. Doc. 99, Mot., 2. More than thirty days have lapsed between the warden's receipt of Davis's request and the filing of this motion. Thus, Davis satisfied the exhaustion requirement under § 3582. *See United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) ("[A]

prisoner may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court."). Having determined that Davis satisfied the exhaustion requirement, the Court turns to the merits of Davis's Motion.

B.   *Davis Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Davis has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal quotations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C). The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not

dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."). Considering Davis's Motion in light of Section 1B1.13, the Court concludes that Davis has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A)(i). Davis argues he should be granted compassionate release based on (1) the severity of his 32-year sentence, (2) the recent change in the law, (3) the length of time served, (4) his advanced age, and (5) his ongoing medical conditions. *Id.* at 3–15.

The Court summarily rejects Davis's first four arguments. The Court has already determined in its previous orders denying Davis's motions for release that his sentence was not unduly severe and that the recent change in the law does not constitute extraordinary and compelling reasons nor does his advanced age or length of time served. Doc. 75, Mem. Op. & Order, 2–6; Doc. 92, Mem. Op. & Order, 4–5.

The only argument the Court will consider is whether Davis's medical conditions constitute grounds for compassionate release. The Court finds they do not. Defendant states that he is in ill-health. He struggles to walk, requires assistance from other inmates, and was hospitalized for five infections in a seven-month period. Doc. 99, Mot., 14. These facts alone do not warrant compelling or extraordinary reasons.

C.      *The § 3553 Factors Weigh Against Release.*

Even if Davis had demonstrated extraordinary and compelling reasons warranting a sentence modification, the Court is required to consider the sentencing factors set forth in § 3553(a) to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense,"

"promote[s] respect for the law," and "provide[s] just punishment for the offense." *Id.* § 3553(a)(2)(A). The Court is not persuaded that these factors support Davis's request. Davis is a career criminal. As the Court noted at sentencing:

> [The sentence] is a significant amount of time. But based upon the bank robbery offenses in this case, which of course are some of the most serious crimes that come before the Court, as well as Mr. Davis [having] one of the more extensive criminal histories I have ever seen, which include some very, very serious crimes, including again bank robbery and escape, I do think the plea agreement . . . and the Court's acceptance of it . . . comports with the purposes of [18 U.S.C. § 3553].

Doc. 45, Transcript, 15.

The Court found it appropriate to sentence Davis to 32 years in prison based on the severity of his crimes and his criminal history. Davis's request for a sentence modification would not "reflect the seriousness of the offense," "protect the public from further crimes of the defendant," "promote respect for the law," or "afford adequate deterrence to criminal conduct[.]" *See* 18 U.S.C. § 3553(a)(2)(A). Thus, the § 3553(a) factors weigh against modifying his sentence. This is an independent justification for denying his motion.

## IV.

## CONCLUSION

Davis's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Davis's Motion (Doc. 99) **WITHOUT PREJUDICE**.

By denying Davis's Motion without prejudice, the Court permits Davis to file a subsequent motion for compassionate release in the event he can provide evidence supporting extraordinary and compelling reasons for release. However, to the extent Davis merely repeats or provides minor

elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

    **SO ORDERED.**

    **SIGNED: December 2, 2024.**

                                                     JANE J. BOYLE
                                                   UNITED STATES DISTRICT JUDGE