UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 3:08-CR-0036-B-1** |
| | § | |
| **JIM WESLEY DAVIS,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jim Wesley Davis's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 121), Motion to Appoint Counsel (Doc. 125), and Emergency Motion for an Order to Show Cause Directing the United States to Respond to Defendant's Motion for Compassionate Release and for Related Relief (Doc. 120). For the following reasons, Davis's Motions are **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

In 2008, Davis was charged with four counts of bank and credit union robbery in violation of 18 U.S.C. § 2113 as well as three counts of using a firearm in connection with a crime of violence. Doc. 1, Indictment. Davis ultimately pled guilty to two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Doc. 31, J., 1. However, in his factual resume, he admitted to committing all four of the charged bank and credit union robberies and using a gun in at least three of them. Doc. 19, Factual Resume, 1-3. Under the plea agreement, Davis agreed to an aggregate term of thirty-two years of imprisonment

and a five-year term of supervised release on each count, to run consecutively. Doc. 20., Plea. The Court accepted the plea agreement on August 7, 2008. Doc. 31. J., 1.

Davis subsequently filed three motions to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) in 2020, 2021, and 2023. Docs. 67, 76, 99. The Court has denied all three motions. *See* Docs. 75, 92, 111. Davis appealed his second and third denials to the Fifth Circuit, which affirmed this Court's decisions in 2023 and 2025, respectively. *See* Docs. 93, 98, 112, 119.

In 2026, Davis filed the instant Motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 121. Davis argues his medical circumstances constitute extraordinary and compelling reasons for early release. But his condition has not significantly changed since the Court denied his previous compassionate release motion. The Court considers his Motion below.

## II.

## LEGAL STANDARD

Generally, courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

*A. Davis Likely Has Not Satisfied § 3582*(c)(1)(A)'s *Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." A defendant's submission of their request is insufficient; "[r]ather, exhaustion requires proof that the warden *received* the defendant's request." *United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (Boyle, J.) (emphasis in original).

Davis stated in his Motion that he sent a written request to the warden on July 8, 2026. Doc. 121, Mot., 3. As proof of exhaustion, Davis provided a USPS tracking number to show the request was delivered and picked up at the post office. Doc. 122, Ex. A. This likely does not satisfy the exhaustion requirement. *See Ware*, 2021 WL 1662497 at *2 (explaining that a signature from uncredentialed staff does not prove the warden received the request). However, the Court will nonetheless assume without deciding that Davis satisfied the exhaustion requirement.

*B. Davis Has Failed to Support his Motion with Medical Records.*

For compassionate release motions claiming extraordinary and compelling medical circumstances, a defendant must substantiate their claims regarding medical conditions with specific evidence, such as medical records. *United States v. Parker*, No. 3:17-CR-0446-B-2, 2020 WL 4673125, at *3 (N.D. Tex. Aug. 11, 2020) (Boyle, J.). Here, Davis has failed to substantiate his claims about his medical conditions with records, as exhibits demonstrating his medical conditions are missing.

*See* Doc. 122, Additional Attachments, Exs. F-H. While the lack of medical records provides an independent basis for denial, the Court will nonetheless assume without deciding that the claims Davis makes about his health are substantiated and consider the merits of his Motion.

C. *Davis Has Not Established Extraordinary and Compelling Reasons for a Sentence Reduction.*

Davis provides four reasons supporting his compassionate release motion: (1) his advanced age, (2) the length of time he has served, (3) his medical conditions, and (4) his rehabilitation. Doc. 121, Mot., 4-6. As a threshold matter, these reasons, considered as a whole, are not "extraordinary and compelling" reasons for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The Supreme Court recently defined "extraordinary" and "compelling" in the § 3582 context. "Extraordinary" means "most unusual," "far from common," or "having little or no precedent." *Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026) (citations omitted). "Compelling" means "tending to convince or convert by or as if by forcefulness of evidence." *Id.* (citations omitted). Consistent with the Supreme Court's interpretations of § 3582, the Fifth Circuit has interpreted the "extraordinary and compelling" standard as requiring a prisoner to show "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (citation omitted).

Additionally, "Congress has empowered the [Sentencing] Commission to 'give meaning' to the compassionate release provision by identifying the circumstances that constitute 'extraordinary and compelling' reasons for release." *Rutherford,* 146 S. Ct. at 1334 (citation omitted). But "the Commission's policy statements must be 'consistent with' the governing statute, . . . and courts have a duty to 'independently interpret the statute and effectuate the will of Congress.'" *Id.* (citations omitted). As such, although a court may not follow the Sentencing Commission's definition of

"extraordinary and compelling" if it expands the plain meaning of those statutory terms, *see id.*, the Sentencing Commission's guidance can still "inform[]" a court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citation omitted).

The Court summarily rejects Davis's arguments for compassionate release based on his age and time served. The Court has already determined in its previous order denying Davis's motions that these factors do not constitute extraordinary and compelling reasons. Doc. 111, Mem. Op. & Order, 4. And for the reasons discussed below, the Court also concludes that Davis's medical conditions and rehabilitation efforts also do not justify early release.

<u>1. Davis's Medical Conditions Do Not Meet the Required Threshold.</u>

The Fifth Circuit has held that a medical condition might warrant compassionate release "where the defendant has either a terminal illness or a condition that substantially diminishes the ability of the defendant to provide self-care." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). The defendant's situation may also warrant compassionate release if he can demonstrate that his facility is ill-equipped to meet his medical needs. *United States v. Juarez*, No. 3:20-CR-0529-B, 2025 WL 2256511, at *2 (N.D. Tex. Aug. 7, 2025) (Boyle, J.) (citation omitted).

Here, Davis argues that his medical conditions and functional impairments constitute extraordinary and compelling reasons for release. The Court disagrees. Davis argues that his "chronic kidney disease limits [his] physiological reserve; [his] immunosuppression significantly increases [his] susceptibility to infection; [his] recurrent pneumonia threatens [his] respiratory stability; and [his] orthostatic hypotension causes weakness, dizziness, instability, and a substantial risk of falls." Doc.

121, Mot., 4. Further, Davis states he is wheelchair-bound, spends more than half of his waking hours in a bed or wheelchair, and requires assistance with daily living from others. *Id.*

However, none of Davis's medical conditions are currently terminal. *See Thompson*, 984 F.3d at 433. Instead, Davis contends that the effects of his current conditions are extraordinary and expose him to greater risk of more serious harm, but this Court has previously denied early release when a defendant's motion is based on the possibility of greater medical risk. *See, e.g.*, *Juarez*, 2025 WL 2256511, at *2-3. The Fifth Circuit has also declined to give weight to commonplace conditions, like the hypotension Davis cites. *See Thompson*, 984 F.3d at 434. While courts in this circuit have considered *terminal* kidney diseases with low life expectancy to be extraordinary and compelling, they have declined to find that chronic and non-terminal kidney diseases like Davis's warrant compassionate release. *Compare United States v. Bravo-Ziranda*, No. 3:18-CR-00415-K-1, 2023 WL 4494348, at *3-4 (N.D. Tex. July 10, 2023) (Kinkeade J.) (finding advanced pancreatic and liver cancer to constitute extraordinary and compelling circumstances), *with Ward v. United States*, 11 F.4th 354, 358 (5th Cir. 2021) (denying sentence reduction for stage three chronic kidney disease with no specific life expectancy).

Additionally, Davis's confinement to a wheelchair for most of his day is not extraordinary because he has failed to demonstrate an inability to provide self-care. *See Thompson*, 984 F.3d at 433; *see also United States v. Erwin*, No. 3:84-CR-00168-N-1, 2020 WL 8834720, at *2 (N.D. Tex. Dec. 30, 2020) (Rutherford, M.J) (recommending denial of compassionate release motion when defendant was confined to a wheelchair, diagnosed with prostate cancer, diabetes, and other conditions because defendant's "myriad health conditions [were] being managed effectively with medication and treatment"). While Davis states that he requires assistance for daily activities, he has not shown that

his facility, FMC Fort Worth, is ill-equipped to meet his needs. *See Juarez*, 2025 WL 2256511, at *2-3.

Davis further argues that his "medical conditions interact with and compound one another." Doc. 121, Mot., 4. He admits that while "any single diagnosis might not independently warrant relief, the cumulative effect of [his] age, declining health, and physical incapacity constitutes extraordinary and compelling reasons for a sentence reduction." *Id.* While the Sentencing Commission's policy statement provides that a reason may be extraordinary and compelling if there is a "combination" of medical circumstances, age, family circumstances, victim status, an unusually long sentence, or other circumstances, *see* U.S.S.G. § 1B1.13(b), the Court does not find a compelling combination here.

Courts have routinely denied relief under similar compounded circumstances. For example, the Fifth Circuit denied a sentence reduction when the defendant suffered from a combination nonalcoholic steatohepatitis (a serious liver condition), end stage liver disease, kidney failure, diabetes, mini strokes, and chronic anemia. *United States v. Crawford*, 839 Fed. Appx. 916, 916 (5th Cir. 2021). While *Crawford* is not an exact factual match to this case, the Court cannot find that the combination of Davis's medical conditions is more extraordinary and compelling than Crawford's. Indeed, Davis's Male Custody Classification Form provides that his living skills are "good," which is the highest and healthiest classification possible. Doc. 122, Additional Attachments, Ex. B.

Lastly, Davis's conditions have not significantly changed or worsened since this Court denied his prior motion for compassionate release. *See* Doc. 99, Mot., 14 (stating he is in "ill health, related to his age and [kidney] transplant. He is not ambulatory, requiring medical assistance devices, assistance from other inmates in completing daily functions of life in prison, and has repeatedly

been hospitalized”). Overall, Davis’s medical conditions do not provide an extraordinary and compelling reason for compassionate release.

2. Davis’s Rehabilitation Does Not Meet the Required Threshold.

Additionally, Davis contends that his rehabilitation supports a reduced sentence because he has “maintained an exemplary disciplinary record throughout [his] incarceration [and] completed extensive educational programming.” Doc. 121, Mot., 8. However, “[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.” *United States v. Fulbright*, No. 3:14-CR-0215-B-1, 2026 WL 2295756, at *3 (N.D. Tex. Aug. 10, 2026) (Boyle, S.J.) (quoting 28 U.S.C. § 994(t)). While the court commends Davis’s disciplinary history and educational accomplishments during his incarceration, his rehabilitation does not meet the standard of extraordinary and compelling, even when considered in conjunction with his other proffered reasons.

In sum, after considering the totality of circumstances, Davis has failed to establish an “extraordinarily severe exigency” that justifies early release. *See Austin*, 125 F.4th at 692.

*D. The § 3553 Factors Weigh Against Release.*

Davis’s failure to satisfy the threshold of “extraordinary and compelling circumstances” is basis for denial alone, but even if he had satisfied that standard, § 3553(a) provides another basis for denial. *See Chambliss*, 948 F.3d at 692. Section 3553(a) requires the Court to consider, among other things, whether a sentence “reflect[s] the seriousness of the offense,” “promote[s] respect for the law,” and “provide[s] just punishment for the offense.” § 3553(a)(2)(A). Here, the Court noted the following at sentencing:

> [The sentence] is a significant amount of time. But based upon the bank robbery offenses in this case, which of course are some of the most serious crimes that come before the

> Court, as well as Mr. Davis [having] one of the more extensive criminal histories I have ever seen, which include some very, very serious crimes, including again bank robbery and escape, I do think the plea agreement . . . and the Court's acceptance of it . . . comports with the purposes of [18 U.S.C. § 3553].

Doc. 45, Transcript, 15.

The Court found it appropriate to sentence Davis to thirty-two years in prison based on the severity of his crimes and his criminal history. Davis's request for a sentence modification would not "reflect the seriousness of the offense," "promote respect for the law," or "afford adequate deterrence to criminal conduct[.]" *See* 18 U.S.C. § 3553(a)(2)(A). Thus, the § 3553(a) factors weigh against modifying his sentence as well.

*E. Davis's Request for Appointment of Counsel and Order Directing Government Response is Denied.*

Davis also seeks the appointment of counsel to assist him with the present motion to reduce sentence. Docs. 121, 125. "A district court must appoint counsel when there is a statutory or constitutional requirement to do so and may appoint counsel, under certain other circumstances, if justice so requires." *United States v. Pearce*, No. 3:19-CR-0088-B-1, 2022 WL 992738, at *1 (N.D. Tex. Apr. 1, 2022) (Boyle, J.). Here, there is "no statutory or constitutional right to appointment of counsel for motions filed under § 3582(c)(1)(A)," so discretion lies with the district court to determine whether the appointment of counsel would be in the "interest of justice." *Id.*

Davis argues that the appointment of counsel would be in the interest of justice because counsel could organize his evidence and address the "significant legal questions" that are implicated by his motion. Doc. 121. Mot., 12-13. The Court disagrees. For the reasons discussed above, Davis's motion does not raise significant or novel legal questions: courts frequently deny motions for compassionate release under similar circumstances. Moreover, the appointment of counsel is not

necessary to organize Davis's evidence because the Court assumed that Davis's allegations regarding his medical conditions are true for the purposes of this Order.

Finally, Davis also requests the Court to issue an order directing the Government to respond to his motion for compassionate release in an expedited manner. Doc. 120, Mot. But the Court declines to do so because expeditious resolution is possible without a government response.

**IV.**

**CONCLUSION**

Davis's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Davis's Motion (Doc. 121) **WITHOUT PREJUDICE.**

By denying Davis's Motion without prejudice, the Court permits Davis to file a subsequent motion for compassionate release in the event he can provide evidence supporting extraordinary and compelling reasons for release. However, to the extent Davis merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

The Court also **DENIES WITHOUT PREJUDICE** Davis's Motion to Appoint Counsel (Doc. 125) and Emergency Motion for an Order to Show Cause Directing the United States to Respond to Defendant's Motion for Compassionate Release and for Related Relief (Doc. 120).

**SO ORDERED.**

**SIGNED:** October 8, 2026

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**